IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SADE EPPERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. _____ |
| ) | |
| CAINE & WEINER, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, SADE EPPERSON, by and through undersigned counsel, and for her complaint against the Defendant, CAINE & WEINER, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq. ("FDCPA").

### II. JURISDICTION & VENUE

2. Jurisdiction arises under 15 U.S.C. § 1692 and pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District in that Plaintiff resides here, Defendant transacts business here, and the conduct complained of occurred here.

### III. PARTIES

4. Sade Epperson ("Plaintiff") is a natural person who resides in Overland Park, Kansas.

5. Plaintiff is a "consumer" as that term is defined by the FDCPA, §1692a(3).

6. Caine & Weiner, Inc., ("Defendant") is a business entity engaged in the collection of consumer debt within the State of Kansas.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, § 1692a(6).

## IV.   ALLEGATIONS

8. The debt allegedly owed by Plaintiff, namely a bill from Progressive with an account number ending in 8081 ("the Debt"), was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by the FDCPA, § 1692a(5).

9. On or about February 28, 2017 Plaintiff's counsel sent notice of representation to Defendant, including a request for more information regarding the Debt.

10. On or about March 4, 2017 Defendant received Plaintiff's notice of representation.

11. On or about March 24, 2017, Defendant sent a letter directly to Plaintiff at her place of residence acknowledging receipt of the letter from Plaintiff's attorney and providing some of the information requested by Plaintiff's attorney.

12. Despite receiving notice that Plaintiff was represented by an attorney, Defendant continued to contact Plaintiff directly.

13. Defendant's Letter was sent as part of an effort to collect a debt and discussed the Debt in the letter.

14. Defendant's Letter was sent voluntarily and not under compulsion by a law other than the FDCPA.

15. Defendant's Letter was a "communication" within the meaning of the FDCPA.

16. This communication by Defendant violated § 1692c(2) in that Defendant contacted Plaintiff after receiving notice that the consumer was represented by an attorney.

## VII.   JURY DEMAND

Plaintiff humbly requests a jury trial on all issues so triable.

## VIII. <u>DESIGNATION OF PLACE OF TRIAL</u>

Plaintiff requests that trial be held in the above captioned matter at the Robert J. Dole Federal Courthouse in Kansas City, Kansas.

## VIII. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, Sade Epperson, respectfully prays for judgment on her behalf and against Caine & Weiner as follows:

a.  All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from Defendant and for Plaintiff;

b.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from Defendant and for Plaintiff;

c.  Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant and for Plaintiff;

d.  Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

_____*/s/ Keith Williston*_____
Keith Williston Mo Bar #78645
4041 NE Lakewood Way, Suite 200
Lee's Summit, Missouri 64064
Tel. (816) 246-7800
Fax. (855) 523-5905
KeithW@CreditLawCenter.com
**ATTORNEY FOR PLAINTIFF**